IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEATH MICHAEL KISTNER,

    Plaintiff,

v.                                                           Civil Action 3:11cv663

NATHANIEL LEE HARRIS, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Seath Michael Kistner, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the Court on Defendant Nathaniel Lee Harris's Motion to Dismiss[1] (Docket No. 32) and Defendant Jeffrey E. Owens's Motion to Dismiss[2] (Docket No. 41). The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636, 1331 and 42 U.S.C. § 1983. For the reasons that follow, the Court will GRANT IN PART and DENY IN PART Defendants' Motions to Dismiss.

## I. Procedural History

Kistner filed this action pursuant to 42 U.S.C. § 1983, claiming Defendants Nathaniel Lee Harris and Jeffrey E. Owens violated his rights under the Eighth Amendment by using excessive force against him. On August 17, 2012, the Court denied Owens's Motion to Dismiss (Docket Nos. 36, 37) pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding Kistner sufficiently alleged an excessive force claim under the Eighth Amendment against Owens.

---

[1] Proper *Roseboro* notice accompanied this motion. (Docket No. 34); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[2] Proper *Roseboro* notice accompanied this motion. (Docket No. 43); *see Roseboro*, 528 F.2d at 310.

On July 30, 2012, Defendant Harris filed a Motion to Dismiss, asserting that he mailed a copy of court filings to Kistner's address of record only to have the packaged returned, indicating that Kistner is no longer housed at Henrico Regional Jail. (Def. Harris's Br. Supp. Mot. Dismiss 1.) Harris has re-mailed the court filings to 2703 Sugarberry Lane, Midlothian, Virginia 23113, the last known address on file with Henrico Regional Jail. (*Id.*) Harris asks the Court to dismiss this action with prejudice given Kistner's failure to provide notice of his change of address. (*Id.*)

On August 29, 2012, the Court ordered Kistner to show cause, through written submission filed with the Court no later than September 10, 2012, why this action should not be dismissed based on his failure to advise the Court of his new address. *See* Fed. R. Civ. P. 41(b). (Docket No. 39.) The Court warned "that failure to comply with the terms of this Order will result in dismissal of this action." (Aug. 29, 2012 Order 2.)

Kistner did not submit an updated address to the Court or any response to the August 29, 2012 Show Cause Order by September 10, 2012 and continues to fail to submit an updated address or response. On September 12, 2012, Defendant Owens filed a Motion to Dismiss, asking the Court to dismiss this action with prejudice in light of Kistner's failure to comply with the August 29, 2012 order and his failure to provide notice of his updated address. (Def. Owens's Mot. Dismiss 1.) (Docket No. 41.)

## II. Analysis

### A. Federal Rule of Civil Procedure 41(b) Permits a Court to Dismiss an Action for Failure to Prosecute

Federal courts have the authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction." *Doyle v.*

*Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *see* Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990) (*citing Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)).

"A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (*citing Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989)). Indeed, a litigant's failure to comply with a court order despite an express warning that failure to comply might result in dismissal of the action constitutes a sufficient ground to dismiss the action pursuant to Rule 41(b). *See Ballard*, 882 F.2d at 95-96.

### B. <u>Kistner's Complaint Should Be Dismissed for Failure to Prosecute</u>

In its August 29, 2012 Order, the Court expressly warned Kistner that his failure to respond to the Court's orders may result in dismissal of his claim. (Aug. 29, 2012 Order 2) (*citing* Fed. R. Civ. P. 41(b).) Kistner has failed to obey this Court's orders. To date, the Court has received no communication, written or otherwise, from Kistner. As such, the Court will dismiss the action for failure to prosecute. *See Ballard*, 882 F.2d at 95-96.

The *Hillig* factors clearly counsel in favor of dismissal. *See Hillig*, 916 F.2d at 174. First, because he proceeds *pro se*, Kistner bears personal responsibility for ensuring compliance

with this Court's orders. *See id.* Second, Defendants Owens and Harris would suffer prejudice by continuing to prepare for an evidentiary hearing. *See id.* Third, although the record does not indicate a history of deliberate delay, the Court attributes any delay to Kistner's failure to apprise the Court of his updated address. *See id.* Finally, because Kistner proceeds *in forma pauperis*, his apparent poverty precludes the use of financial sanctions. Moreover, the Court notes that since Kistner's release from Henrico County Jail, he has failed to respond to any of this Court's orders mailed to the Midlothian address he provided to Henrico. This inaction evinces a lack of interest in continuing to litigate this matter.

The Court also finds that Kistner's conduct has not been so egregious as to warrant the ultimate sanction of dismissal with prejudice. Dismissal without prejudice appropriately addresses the record before the Court. *See* Fed. R. Civ. P. 41(b).

### III. Conclusion

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART Defendant Harris's Motion to Dismiss and Defendant Owen's Motion to Dismiss. (Docket Nos. 32, 41.) The Court GRANTS both Defendants' requests to dismiss this action but DENIES the requests to dismiss with prejudice. Accordingly, the COURT DISMISSES this action without prejudice. The Court DENIES AS MOOT Defendant Harris's Motion for Summary Judgment. (Docket No. 29.)

Kistner is advised that he has the right to appeal this decision. If he chooses to do so, he must file written notice of appeal with the Clerk of the Court within thirty (30) days of the date on this Order. Failure to file a notice of appeal could result in loss of the right to appeal.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 9-21-12